[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 06, 2011
JOHN LEY
CLERK

No. 10-14958
Non-Argument Calendar

_____

D. C. Docket No. 8:10-cr-00275-JDW-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS GUTIERREZ-BETANCOURT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 6, 2011)

Before EDMONDSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jesus Gutierrez-Betancourt appeals his 27-month sentence for illegal reentry

by an alien, in violation of 8 U.S.C. § 1326(a) and (b)(1).  On appeal, Gutierrez-

Betancourt argues that his sentence is unreasonable because the district court failed to explain why his prior conduct warranted an upward variance when it had already been taken into account in the Sentencing Guidelines, and because the court focused almost exclusively on his prior conduct and deportation.

We review the reasonableness of the district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The party challenging the sentence has the burden of establishing that it was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).[1] When reviewing the reasonableness of a sentence, this Court will first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."

[1] The § 3553(a) factors to be considered by a sentencing court are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (3) the kinds of sentences available, (4) the applicable guideline range, (5) any pertinent policy statement, (6) the avoidance of unwarranted sentence disparities, and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

*Gall*, 552 U.S. at 51, 128 S.Ct. at 597. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

With respect to the factors that may be considered by a sentencing court, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C § 3661; *see also Amedeo*, 487 F.3d at 833-34 (stating that the defendant could point to no authority that deemed it impermissible for the sentencing court to consider conduct already considered in calculating the guidelines range and affirming the court's use of such conduct to impose an upward variance pursuant to § 3553(a)).

Here, although Gutierrez-Betancourt's guideline range was 10 to 16 months' imprisonment, the district court varied upward, sentencing him to 27-months' imprisonment. In doing so, the district court articulated in detail its reasons for imposing an upward variance, addressing many of the § 3553(a) factors, without focusing on one factor to the detriment of others. The district court noted that Gutierrez-Betancourt had previously been convicted for illegal re-entry, served

time in federal prison for that offense, and yet again returned to the United States and that therefore it believed a 27-month sentence is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. The district court also stated that the advisory guideline range was inadequate because it did not reflect "the seriousness of this offense including this defendant's background and characteristics, nor would it protect the public sufficiently. Or promote respect for the law or deter this defendant." The district court here, set forth enough to satisfy this Court "that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Flores*, 572 F.3d 1254, 1270-71 (11th Cir. 2009).

Because Gutierrez-Betancourt has failed to establish that the sentence imposed by the district court was either procedurally or substantively unreasonable, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**